UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL A. MILLER and ADRIANA PEREZ, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | 5:23-cv-00085-OLG |
| BEXAR COUNTY, | ) ) ) | |
| *Defendant*. | ) | |

### BEXAR COUNTY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Defendant Bexar County and files this Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. SUMMARY OF SELECTED BACKGROUND AND ARGUMENT

1. In their Second Amended Complaint, Michael A. Miller and Adriana Perez ("Plaintiffs") each assert one claim against Bexar County related to their respective detentions at the Bexar County Adult Detention Center ("Bexar County Jail") as pretrial detainees: a claim for violations of the "Fourth, Fifth, Eighth, and Fourteenth Amendments" under 42 U.S.C. § 1983. Docket no. 15 at 21. Plaintiffs allege, in sum, that they were detained unreasonably long because Bexar County had a "de facto policy of improperly delaying the release of detainees who have posted bond and are entitled to release, [and] failing to implement a system for the prompt release of detainees who have posted bond and are entitled to release." Docket no. 15 at 19.

2. Plaintiff Michael Miller alleges that he was arrested and booked on October 28, 2022, that the magistrate set his bond at $3,500.00, and that he paid bail on the same day, but was only

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                           1 of 15

released from custody on November 1, 2022. Docket no. 15 at 11-13. In support of his allegations, Plaintiff Miller refers to "Bexar County District Clerk's Office's records" that show that he paid a bond of $3,500.00 on October 28, 2022 and "County records acknowledging that Plaintiff had posted bond" [1] *Id*. at 12. Plaintiff Miller also alleges that a condition of his bond was that he wear a global positioning system ("GPS") device, and that his release was delayed after he paid bond because he was not fitted promptly with a GPS device. *Id*. at 13. Plaintiff Miller alleges that the Bexar County Sheriff "enacted a . . . policy that required the County's pretrial services to sign off on the release of each detainee" when the detainee was required to wear a GPS device as a condition of bond. *Id*. Plaintiff Miller further alleges that the Bexar County Sheriff "failed to supervise deputies to make sure that the deputies and staff would obtain pretrial's signature in a quick enough manner to not overdetain Plaintiff." *Id*. Plaintiff further alleges that

> The Sheriff failed to train the deputies to ensure that the deputies could obtain pretrial signature and release the Plaintiff . . . in a constitutional manner. The Sheriff enacted a policy that detainees would not be released unless there was a critical mass of detainees. The Sheriff failed to supervise his deputies and allowed the deputies to keep Plaintiff in custody in excess of a reasonable amount of time after Plaintiff had posted his bail.

---

[1] The Bexar County Clerk and District Clerk's online records for Plaintiff's criminal case, the magistrate's special conditions of release on bond, and a County record regarding Plaintiff Miller's GPS device are attached hereto as Exhibits A, B, and C, respectively. Although Plaintiff does not attach these records to his Second Amended Complaint, "[a] court may consider documents incorporated into the complaint by reference when considering a motion to dismiss… The court may also consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *330 Cedron Tr. v. Citimortgage, Inc*., No. SA-14-CV-933-XR, 2015 WL 1566058, at *2 (W.D. Tex. Apr. 8, 2015) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) and *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Plaintiff references the records multiple times and they are central to his argument that he was entitled to be released from jail after his bail payment was accepted. Docket no. 15 at 12-13.

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                         2 of 15

*Id*. at 13. Further still, Plaintiff Miller alleges that he "waited hours in [a] holding cell" to be released because of Bexar County's "batch release system[.]" *Id*. at 12-13.

3.     Plaintiff Adriana Perez alleges that "the County's records show" that she was "arrested and magistrated on [December] 7, 2022" and that she posted bail on December 8, 2022. Docket no. 15 at 13-14.[2] Plaintiff Perez alleges that she "did not have any holds or warrants" and was "entitled to be released without delay because there was no judicial order mandating her confinement." *Id*. at 14. Plaintiff Perez alleges that "County records show" that she paid bond on December 8, 2022 but remained in custody for "an additional forty-eight (48) more hours" until being released on December 10, 2022. *Id*. Plaintiff Perez alleges that Bexar County "did not have any legal justification to hold Plaintiff" once her bail had been paid. *Id*. As with Plaintiff Miller, Plaintiff Perez alleges that her release was delayed because the Bexar County Sheriff employed a batch release system, and did not supervise deputies to ensure detainees were not "overdetained" and were processed promptly. *Id*. at 14-15.

4.     Dismissal of both Plaintiffs' claims against Bexar County is appropriate because Plaintiffs fail to allege facts to show policies or practices of Bexar County sufficient to support a municipal liability claim. Plaintiffs fail to allege facts to show either (1) the existence of an official policy, or (2) numerous instances of similar over-detentions necessary to support the existence of a widespread practice or custom attributable to Bexar County. Further, the records referenced by and incorporated into Plaintiffs' Second Amended Complaint negate Plaintiffs' argument that they were entitled to be released once they paid their bond (or, in the case of Plaintiff Miller, that there

---

[2] Plaintiff Perez here writes "February 7, 2022" and "February 8, 2022" in the Second Amended Complaint, but actually meant December 7, 2022 and December 8, 2022. The County's records regarding Plaintiff Perez's December 7, 2022 detention are therefore incorporated by reference into the Second Amended Complaint and are attached hereto as Exhibit D. *See* note 1 above.

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                        3 of 15

was an undue delay in being fitted with a GPS device). Each plaintiff was detained because of an underlying domestic violence charge and, therefore, had bond obligations beyond simply paying a certain bail amount. These obligations required additional, necessary steps in the administrative process before they could be released from the Bexar County Jail. Accordingly, the Court should grant Bexar County's motion to dismiss in its entirety.

## II.  LEGAL STANDARDS

### A.   Sufficiency of a Pleading Under Rule 12(b)(6)

5. The sufficiency of a pleading to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) is evaluated under the two-step process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the Complaint's factual allegations, which are assumed to be true, and distinguish them from any conclusory statements that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680-81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.   Municipal Liability Under 42 U.S.C. § 1983

6. Governmental entities such as Bexar County cannot be held liable under § 1983 on a *respondeat superior* theory of liability. *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2018). Rather, the plaintiff must prove three elements: (1) the county "had a policy or custom, of

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                         4 of 15

which (2) a . . . [c]ounty policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is the policy or custom." *Jackson v. Valdez*, 852 Fed. App'x 129, 134-35 (5th Cir. 2021) (citing *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753 (5th Cir. 2009)).

7. As to the first element, an "official policy" can be shown by "(1) 'written policy statements, ordinances, or regulations'; (2) 'a widespread practice that is so common and well-settled as to constitute a custom that fairly represents' the [county]'s policy; or (3) under 'rare circumstances,' a single act can be considered a policy if done by an official or entity with 'final policymaking authority.'" *Sweetin v. City of Texas City, Texas*, 48 F.4th 387, 392 (5th Cir. 2022) (quoting *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). To advance a claim of a municipal policy or practice beyond the pleading stage, "a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018). Further, "County as opposed to individual liability has the additional requirement that the 'violation resulted from a [county] policy or custom adopted and maintained with objective deliberate indifference.'" *Baughman v. Hickman*, 935 F.3d 302, 307 (5th Cir. 2019) (quoting *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019)).

### III. ARGUMENT

**A.   Plaintiffs Fail to Allege Facts to Show the Existence of a Policy or Custom Sufficient to Support Municipal Liability**

8. To the extent that Plaintiffs seek to establish municipal liability based on an unconstitutional *de facto* custom or practice, Plaintiffs' Second Amended Complaint falls short. When a plaintiff seeks to advance a municipal liability Section 1983 claim on the basis of a custom or practice of the entity, showing that the custom is "so persistent and widespread as to practically

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                 5 of 15

have the force of law" requires them to "do more than describe the incident that gave rise to [their] injury[.]" *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017); *Pena*, 879 F.3d at 622; *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 284-85 (5th Cir. 2020); *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009). But besides describing their own alleged over-detention, Plaintiffs identify only one other detainee alleged to have been subject to over-detention: Cody Flenoury. *See* docket no. 15 at 7-9. With regard to Mr. Flenoury, Plaintiffs allege that his over-detention was only "in part" because of Bexar County's batch release system. *Id*. at 7-8. Three instances of alleged over-detention—the Plaintiffs and Mr. Flenoury—is insufficient at the pleading stage to show a "persistent and widespread" custom. Moreover, the assertion that Mr. Flenoury's over-detention was "in part" due to the batch release system is not entitled to the presumption of truth. Plaintiffs refer to and incorporate into their Second Amended Complaint "a story about Mr. Flenoury [that] was published in Texas Public Radio." *Id*. at 8. That story does not attribute Mr. Flenoury's over-detention to any specific policy, practice, or custom of Bexar County, instead noting that there is "no clear answer" why Mr. Flenory was detained for so long and, further, states that it is "unclear if Flenoury was an anomaly or if others have been left in jail who should be out[.]"[3]

9.  Plaintiffs reference a news article referencing a study purportedly showing that "processing delays" at the Bexar County jail for prisoner releases average "approximately eight (8) hours of delay per inmate." Docket no. 15 at 7. This bare reference to one study does not contain any specific information regarding any instance of delayed release or its relation to either plaintiff's circumstances, and, further, the referenced study was conducted over six years ago, in 2017, before

---

[3] *See* https://www.tpr.org/criminal-justice/2021-10-12/bexar-county-jail-detained-a-man-for-5-extra-months-theres-no-clear-answer-to-why

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                6 of 15

Bexar County implemented a central magistration system. *Id.* at 7 n. 8; *see* referenced article, dated April 4, 2017.[4] Thus, the conclusory and unsupported allegations that "overdetentions have risen" and "the County's use of batch releases has . . .extended the amount of time" detainees have remained in custody do not give rise to an inference of misconduct. Docket no. 15 at 7.

10.  Plaintiff alleges that Bexar County employs a "batch release system" for releasing inmates, but does not allege facts regarding this system with requisite specificity. Docket no. 15 at 9-10. Plaintiff alleges that there is a delay in releasing inmates "until there are a sufficient number of bailed out detainees formed so that a captain can sign off on the whole group at once" and that the Bexar County Sheriff's Office "maintains cells for people who have already been bailed out and therefore not subject to confinement." *Id.* at 9. But Plaintiff presents no facts or law to support that this system results in unconstitutional delays in release, much less a pattern of such conduct that relates specifically to Plaintiffs' respective circumstances. Plaintiffs' vague and conclusory statements regarding the batch release system are insufficient to allege a policy or practice.

11.  In sum, Plaintiffs have not pleaded facts sufficient to state any viable Section 1983 claim against Bexar County because they do not allege with requisite specificity that any official policy or widespread unofficial custom caused the constitutional deprivations they allege. They merely assert that Bexar County and Sheriff Salazar have a "policy and practice of refusing immediate release to individuals that have posted their bonds and are otherwise entitled to a timely release from custody" and that Sheriff Salazar "oversees and is responsible for Bexar County's decisions on when to release detainees who have already posted their required bond." Docket no. 15 at 4. Plaintiffs' "support" for this alleged policy and practice is a series of vague or conclusory

---

[4] https://www.virtualbx.com/construction-preview/bexar-county-to-add-magistration-intake-center-to-county-jail-complex/

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                          7 of 15

statements such as "Bexar County continually over-detains Plaintiff and Class members without justification." *Id*. at 5. Or, that Bexar County's "employees and agents regularly overdetain persons who are subject to release." *Id*. These statements are not "specific facts" (*Pena*, 879 F.3d at 622) that can support a municipal liability claim. Plaintiffs' Second Amended Complaint contains vague and general assertions about the Bexar County Jail and its performance that do not "point to the specific violation in question." *Peterson v. City of Fort Worth*, Tex., 588 F.3d 838, 851 (5th Cir. 2009) (holding that prior acts allegedly supportive of a pattern must be shown with "similarity and specificity").

B.  **Plaintiff Miller Has Not Pleaded Facts Sufficient to Support a Viable Failure-to-Train or Failure-to-Supervise Claim**

12.  Plaintiff Miller alleges that, when a detainee's condition of bond includes being fitted with a GPS device, Bexar County administers the GPS program, and the County "decides when a detainee will receive a GPS monitor," placing the detainee "at the County's mercy when it comes to obtaining a GPS/EM monitor." Docket no. 15 at 10. Plaintiff further alleges that the Bexar County Sheriff's Office enacted a "policy that required the County's pretrial services to sign off on detainees being released" and "[w]ithout the signature of a pretrial services officer, a detainee with GPS conditions will not be released or fitted for a monitor even if the detainee has paid their bail." *Id*. at 11. Plaintiff alleges that "[t]he Sheriff failed to train his deputies to obtain pretrial's signature on class member's release documents in order to process Plaintiff's release in a constitutionally permissible timeline." *Id*.

13.  "[I]n limited circumstances," a municipality may be directly liable under Section 1983 for failure to train. *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989)); *but cf. Connick v. Thompson*, 563 U.S. 51, 61 (2011) (A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                          8 of 15

on a failure to train."). Recovery on a failure-to-train theory requires a showing that "1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 459 (5th Cir. 2001). These elements encompass the "two fundamental requirements" for showing a municipality's Section 1983 liability on the basis of inadequate training or hiring: "culpability and causation[.]" *Snyder*, 142 F.3d at 795. To establish causation, Plaintiff must allege facts that show "a direct causal link between the municipal policy and the constitutional deprivation[.]" *Id.* To establish culpability, Plaintiffs must allege facts that show "that the city consciously enacted a policy reflecting 'deliberate indifference' to the constitutional rights of its citizens[.]" *Id.* Because a municipality's failure to train must reflect a "deliberate" or "conscious" choice to endanger constitutional rights, "proof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training." *Snyder*, 142 F.3d at 798. Instead, a plaintiff must plead and prove "at least a pattern of similar incidents in which the citizens were injured" and that the inadequacy of the training provided was both "obvious and obviously likely to result in a constitutional violation." *Snyder*, 142 F.3d at 798 (5th Cir. 1998); *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 287 (5th Cir. 2002) (quoting *City of Canton v. Harris*, 489 U.S. 378 (1989)).

14.     Here, because Plaintiff clearly has not pleaded "[a] pattern of similar constitutional violations by untrained employees[,]" he has not pleaded facts that show deliberate indifference, and dismissal of his municipal liability Section 1983 claims is therefore appropriate at this stage. *Pena*, 879 F.3d at 623 (affirming Rule 12(b)(6) dismissal of Section 1983 municipal liability claims on this basis (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011))). Plaintiff Miller

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                    9 of 15

presents allegations only with regard to his own experience, and fails to plead facts to show a pattern of similar incidents. Dismissal of this claim is appropriate.

15. For the same reason, Plaintiff fails to plead facts sufficient to support 1983 liability on the basis of failure to supervise. To state a claim under this theory, the Plaintiff "must allege that '(1) the supervisor . . . failed to supervise . . . the subordinate official; (2) a causal link exists between the failure to . . . supervise and the violation of the plaintiff's rights; and (3) the failure to . . . supervise amounts to deliberate indifference.'" *Livezey v. City of Malakoff*, 657 F.App'x 274, 278 (5th Cir. 2016) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). "[M]ore than a single instance of the lack of training or *supervision* causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Thompson v. Upshur*, 245 F.3d at 459 (emphasis added). Plaintiff fails to allege with any specificity any instance of Bexar County's failure to supervise, other than the Plaintiff's experience. Dismissal of Plaintiff's claims based upon a failure-to-train or a failure-to-supervise theory is appropriate.

C. **Plaintiff Miller Does Not Plead Facts to Show That an Alleged Unconstitutional Policy Was the "Moving Force" Behind His Allegedly Prolonged Detention**

16. With regard to the availability of a GPS monitor, Plaintiff Miller fails to allege facts to support the "moving force" element of municipal liability because he pleads facts negating that he "remained in custody after paying his bond and receiving a GPS monitor," and had to "wait an additional seventy-two (72) hours while the County waited for pretrial services to sign off on Plaintiff's release." Docket no. 15 at 17. Rather, the records referenced in, and incorporated into, his Second Amended Complaint show that the delay Plaintiff experienced was a result of his failing to meet the conditions for receiving a GPS monitor, and that he in fact never received a GPS monitor. Rather, as of the day before his release, Plaintiff Miller had not met the conditions for

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                    10 of 15

release with a GPS monitor; it is not the case that Plaintiff Miller had met the terms of his bond and was waiting unnecessarily for release.

17.     Plaintiff was arrested on October 28, 2022 for violation of a protective order. Exhibit A at 3 (first entry for 10/28/2022). On the same day, Plaintiff was magistrated and he paid his $3,500.00 bond, with the clerk's records indicating "bond made 3500.00." *Id*. at 4 (second, third and eighth entries from top, capitalization removed). Also on the same day, Magistrate Judge Celeste Ramirez issued special conditions of release on bond, which subjected Plaintiff Miller to partial house arrest with a GPS device, prohibited him from possessing a firearm, and contained a 'no contact' order. *Id*. at 4 (last four entries). Thus, before Plaintiff Miller could be released on bond, he was required to be fitted with a GPS device. But, as County records show, as of 7:55 a.m. on October 31, 2022, Plaintiff could not be fitted with a GPS device because he had not yet met the criteria for being issued such a device. See Exhibit C (showing "pending criteria").

18.     On October 31, 2022, Plaintiff retained counsel, who filed an agreed motion to modify the conditions of his bond to remove the GPS condition. Exhibit A at 3 (second and fourth entries for 10/31/2022); Exhibit B at 3.[5] Thus, on October 31, 2022, Plaintiff had not met the GPS condition for his release on bond. On November 1, 2022, Plaintiff was released from jail. Exhibit A at 3 (first entry for 11/1/2022).

---

[5] Bexar County attaches hereto Exhibit B, comprising (1) Judge Ramirez's special conditions of release on bond and (2) Plaintiff's counsel's "Unopposed Motion to Modify Bond Conditions to Remove GPS Conditions and Agreed Order." The Court can "consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *330 Cedron Tr.*, 2015 WL 1566058, at *2 (W.D. Tex. Apr. 8, 2015) (citations omitted; see note 1 above). Plaintiff's allegation that "there was no judicial order mandating [Plaintiff's] confinement" (docket no. 15 at 12) constitutes a reference to an order, Judge Ramirez's special conditions of release on bond, that actually does exist, and the Court properly may consider it. Plaintiff's allegation that he "did not have any holds or warrants" is a reference to any holds, such as a GPS condition, that might exist. Thus, the Court properly may consider Plaintiff's counsel's motion to modify the GPS "hold" that existed.

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                  11 of 15

19. Given that Plaintiff's release was pending his satisfaction of the GPS condition imposed by Magistrate Judge Ramirez, it cannot be plausibly asserted that any injury from a delayed release was caused by Bexar County's alleged failure to "sign off on Plaintiff's release" after being fitted with a GPS device. Docket no. 15 at 11, 13. Plaintiff Miller did not meet the criteria for being assigned a GPS nor was he actually fitted with it. Notably, Plaintiff Miller misstates the Texas law regarding release on bond, asserting that it states a defendant "'shall at once be set at liberty' upon payment of bond" (docket no. 15 at 12), whereas the law *actually* reads: "When the accused has *given* the required bond . . . he shall at once be set at liberty." Tex. Code Crim. Proc. § 17.29(a) (emphasis added). It cannot plausibly be asserted that Plaintiff's injuries are attributable to a "policy and practice of refusing immediate release to individuals that have posted their bonds and are otherwise entitled to a timely release from custody" (docket no. 15 at 4), as Plaintiff was not entitled to being released until fitted with a GPS device.

20. In sum, the documents incorporated into and referenced by Plaintiff's Second Amended Complaint show that the alleged delay in Plaintiff's release is attributable to his failure to meet the GPS condition of his bond. Thus, Plaintiff fails to assert sufficient facts to show that the alleged Bexar County practice of not promptly releasing bail payers was the moving force behind the violation of his rights. Plaintiff Miller's Section 1983 claim against Bexar County should be dismissed.

**D.  Dismissal of Plaintiff Perez's Municipal Liability Claim Is Appropriate**

    **i.  Plaintiff Perez Does Not Plead Facts to Show An Official Policy or Practice, or to Support a Failure-to-Train or Supervise Claim**

21. Plaintiff Perez fails to plead facts to show a viable Section 1983 claim against Bexar County. Plaintiff Perez's allegations regarding the County's alleged policy of "not processing Plaintiff for release until County pretrial services signs off on the release when Plaintiff has posted

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                    12 of 15

bail" (docket no. 15 at 15) are wholly conclusory, and do not present a "'description of a policy or custom and its relationship to the underlying constitutional violation'" that "'contain[s] specific facts.'" *Pena*, 879 F.3d at 622 (citation omitted). Such description does nothing more than "describe the incident that gave rise to [their] injury[.]" *Hicks-Fields*, 860 F.3d at 808. Plaintiff alleges no other instances of such conduct, much less multiple instances that would constitute a pattern of similar incidents.

22. Further, like Plaintiff Miller, Plaintiff Perez makes only general allegations regarding the County's alleged failure to train and failure to supervise that do not meet the pleading standard. Plaintiff Perez makes conclusory allegations such as "[t]he County failed to implement, supervise, and train on policies to prevent the overdetention of persons whose bails had been posted and were held without judicial authority." Docket no. 15 at 16. As discussed above, such basic, conclusory allegations, wholly void of reference to other instances of similar conduct, fail to establish deliberate indifference, and dismissal of Plaintiff Perez's Section 1983 claims based on failure-to-train and failure-to-supervise theories is appropriate.

      **ii.** **Plaintiff Perez Does Not Plead Facts to Show That an Alleged Unconstitutional Policy Was the "Moving Force" Behind Her Allegedly Prolonged Detention**

23. Although Plaintiff Perez alleges that she "did not have any holds or warrants" (docket no. 15 at 14) that would restrict her right to be released after paying bond, the County records incorporated into and referred to in the Second Amended Complaint show otherwise. Like Plaintiff Miller, Plaintiff Perez was detained because of an underlying domestic violence charge, and, like Plaintiff Miller, Plaintiff Perez had conditions of bond other than paying the stated bond amount. Plaintiff Perez was ordered not to contact the victim in her case, and was restricted from possessing a firearm. Exhibit D at 1. Prior to her release, Plaintiff was required to meet with

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                                   13 of 15

Pretrial Services for counseling regarding the terms of her bond, which she completed in the early hours of December 10, 2022. Exhibit D at 1 (showing Plaintiff was counseled on December 10, 2022); *Id*. at 2 (showing Plaintiff Perez's bond was received at 9:10 p.m. on December 8, 2022, she was released at 3:08 a.m. on December 10, 2022, and her walkout time from the Bexar County Jail was 4:16 a.m. on December 10, 2022) Exhibit D at 2.

24.  Thus, contrary to the assertions in her Second Amended Complaint, Plaintiff was not simply entitled to be released after paying bond. She was required to meet with Pretrial Services regarding her bond conditions. Further, these records referred to and incorporated into Plaintiff Perez's Second Amended Complaint negate that she was detained for as long as "an additional forty-eight (48) more hours" (docket no. 15 at 14) after paying her bail amount. Plaintiff presents no legal authority that such a delay, and for such reasons, is unconstitutional.

## IV.  CONCLUSION

In their Second Amended Complaint, neither Plaintiff alleges sufficient facts to establish municipal liability against Bexar County. Plaintiffs' claims against Bexar County therefore should be dismissed pursuant to Rule 12(b)(6).

Respectfully Submitted,
JOE GONZALES
Bexar County Criminal District Attorney

By:  /s/ Robert W. Piatt III
**ROBERT W. PIATT III**
Bar No. 24041692
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Phone: (210) 335-0785
Fax: (210) 335-2773
robert.piatt@bexar.org
*Attorney for Bexar County*

Bexar County's Motion to Dismiss Second Amended Complaint
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                            14 of 15

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of May, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

    /s/ Robert Piatt
**ROBERT W. PIATT III**

## CERTIFICATE OF CONFERENCE

I hereby certify that I complied with the procedures set forth in Judge Garcia's fact sheet regarding Rule 12(b)(6) motions to dismiss as follows: On May 23, 2023, I sent an electronic mail message to Plaintiffs' counsel regarding the proposed deficiencies in Plaintiff's second amended complaint, the right to amend the pleading, and the applicable deadlines. I further certify that on the same day, May 23, 2023, I was informed by Plaintiffs' counsel that any further amendment of the complaint was opposed.

    /s/ Robert Piatt
**ROBERT W. PIATT III**