UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL A. MILLER and ADRIANA PEREZ, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | 5:23-cv-00085-OLG |
| BEXAR COUNTY, | ) ) | |
| *Defendant*. | ) ) | |

**BEXAR COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Defendant Bexar County and files this Reply to address briefly just a few of the arguments raised in Plaintiffs' response to Bexar County's Motion to Dismiss (docket no. 17).

**A.  The Court Properly May Consider the Exhibits Attached to Bexar County's Motion to Dismiss**

1. Plaintiffs argue that the exhibits attached to Bexar County's motion to dismiss (docket nos. 16-1 through 16-4) should be "stricken" they constitute "materials outside the pleadings." Docket no. 17 at 3. But they are not outside the pleadings. In their second amended complaint, Plaintiffs refer to these documents to support their claim that Bexar County's own documents (allegedly) demonstrate that they made bail at a certain point during their detention and were entitled to be released. For example, Plaintiff Miller alleges that "the Bexar County District Clerk's Office's records showed 'BOND MADE 3500.00 . . . .' [and] 'REL'D ON BOND.'" Docket no. 15 at 12. Plaintiff Miller further alleges that he remained in custody "despite County records acknowledging that Plaintiff had posted bond." *Id*. Similarly, Plaintiff Perez alleges that

Bexar County's Reply in Support of MTD
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                1 of 4

"[t]he magistrate fixed Perez's bail at $3,500," that her "bail was posted on February 8, 2022," that Perez "did not have any holds or warrants," and that "County records show that Perez was 'REL'D ON BOND[.]" *Id.* at 15.  Thus, the County records showing the bond conditions and the bond status are referred to in, and central to, the claims asserted in the second amended complaint. Plaintiffs cannot take the position that County records support their assertions of unconstitutional conduct, but then claim it unfair for Bexar County to refer to those same records in their motion to dismiss.  The records properly may be considered in Bexar County's motion to dismiss, and should not be stricken, nor should Bexar County's motion be converted into a motion for summary judgment.

**B.        Plaintiffs Fail to Present Facts Sufficient to Show a Policy or Practice**

2.        In support of their argument that their second amended complaint presents sufficient facts to plausibly allege a policy or practice that caused injury, Plaintiffs present three principal arguments.   Bexar County addresses these arguments in the order presented.

3.        First, Plaintiffs allege that their "live complaint details that a County-hired consultant apprised the County that it is losing 1.7 million dollars per year because of delays in processing inmate releases" and that the County "could not lose this amount of money annually if there were not widespread instances of overdetention[.]"  Docket no. 17 at 5.  But this does not address Bexar County's arguments that the study, according to the second amended complaint, was conducted way back in 2017, and that Plaintiffs present no argument or evidence to tie this study or its results to the Plaintiffs' circumstances.  Nor does referring to the study present any concrete instances of alleged over-detention, as is required to show a pattern or practice of conduct. Plaintiffs merely restate the fact that there was a study and then proceed to the cursory conclusion

Bexar County's Reply in Support of MTD
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                                   2 of 4

that the study supports the presence of a widespread policy or practice.  This is insufficient to support an unconstitutional policy for purposes of *Monell* liability.

4.      Second, Plaintiffs argue that Bexar County "voted to expand the jail and create a new magistration center to improve processing times for inmates" but "[u]nfortunately, the County failed in those efforts and continues to uniformly and consistently apply unconstitutional procedures." Docket no. 17 at 5.  This is merely a restatement of their argument that Bexar County built a new facility to address over-detention, followed by the cursory, unsupported conclusion that the new system results in over-detention.

5.      Third, Plaintiffs argue that in their second amended complaint they "cited Cody Flenoury's overdetention where Flenoury was ordered released and the County did not release Flenoury for an extended period of time," and that Flenoury "was not released for an extended period of time because of the County's implementation of a batch release system." Docket no. 17 at 6.  It remains undisputed that Plaintiffs present only three alleged instances of over-detention in the Bexar County Jail: both of the Plaintiffs' and Flenoury's.  It also remains undisputed that the article referenced in Plaintiffs' second amended complaint asserts that there is "no clear answer" why Flenoury was over-detained.  *See* docket no. 16 at 6.  Further, Plaintiff's argument that Flenoury's over-detention is the result of the "batch release system" is not entitled to the presumption of truth.  Not only is there no factual basis for this assertion, it is simply not plausible that Flenoury's alleged over-detention of "five months" (docket no. 15 at 7) was the result of the batch release system, which Plaintiffs describe as "wait[ing] until there are a sufficient number of bailed out detainees formed so that a [detention] captain can sign off on a whole group at once." Docket no. 15 at 9.  In other words, it is not plausible that detention officers had to wait five months for a sufficient number of detainees to accumulate before Mr. Flenoury could be released as part

Bexar County's Reply in Support of MTD
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                                  3 of 4

of a group. *Ashcroft v. Iqubal*, 556 U.S. 662, 679 (2009) (only plausible claims are entitled to the presumption of truth).

## CONCLUSION

Plaintiffs fail to allege sufficient facts to establish *Monell* liability against Bexar County. Plaintiffs' claims against Bexar County therefore should be dismissed pursuant to Rule 12(b)(6).

Respectfully Submitted,
JOE GONZALES
Bexar County Criminal District Attorney

By:  /s/ Robert W. Piatt III
**ROBERT W. PIATT III**
Bar No. 24041692
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Phone: (210) 335-0785
Fax: (210) 335-2773
robert.piatt@bexar.org
*Attorney for Bexar County*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of June, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

 /s/ Robert Piatt
**ROBERT W. PIATT III**

Bexar County's Reply in Support of MTD
*Michael A. Miller v. Bexar County*
5:23-cv-00085-OLG                                                                                                     4 of 4